No. 25-3694

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Robert Emert, *Plaintiff-*

*Appellant ,*

v.

*SAN DIEGO COUNTY BOARD OF SUPERVISORS; SAN DIEGO COUNTY; FRANCESCA BALERIO, individually; LUIS PENA, individually, Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
Case No. 3:24-cv-00671-JO-MSB
The Honorable Jinsook Ohta, United States District Judge

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF WITH ADA ACCOMMODATION**

Robert Emert, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
760-612-9328
robemert@msn.com

## Contents

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF WITH ADA ACCOMMODATION** .... 2

   **ADA ACCOMMODATION REQUEST FOR MEANINGFUL ACCESS** ............................... 3

   **GROUNDS SUPPORTING ACCEPTANCE** ................................................................. 3

   **THE CENTRAL CONSTITUTIONAL VIOLATION PROVEN BY DEFENDANTS' OWN EVIDENCE** ................................................................................................................. 4

**SUPPLEMENTAL BRIEF: DEFENDANTS' OWN SER PROVES TWO INDEPENDENT GROUNDS FOR REVERSAL** ................................................................................................. 5

   **I. THRESHOLD JURISDICTIONAL DEFECT VOIDS ALL PROCEEDINGS** ........................ 5

   **II. 90 DAYS ILLEGAL DETENTION - EVERYONE KNEW THERE WAS NO CASE** .............. 6

   **II. THRESHOLD JURISDICTIONAL DEFECT VOIDS ALL PROCEEDINGS - DISPOSITIVE CONSTITUTIONAL VIOLATION** ................................................................................. 7

      **A. FABRICATED WARRANT AFFIDAVIT - STRUCTURED PROOF OF PERJURY** ........... 8

      **B. NO PROBABLE CAUSE FOR THREAT PROSECUTION - EVERYONE KNEW THIS** ... 9

      **C. SYSTEMATIC EVIDENCE SUPPRESSION** ........................................................... 10

   **III. COERCED PLEA AND INVOLUNTARY WAIVER - NO HECK BAR TO ANTECEDENT VIOLATIONS** .......................................................................................................... 11

   **IV. LEGAL STANDARD: TWO INDEPENDENT CONSTITUTIONAL INJURIES** .................. 13

      **SUPREME COURT PRECEDENT - BOTH ISSUES ARE SLAM DUNKS:** ...................... 13

      **APPLICATION - EITHER ISSUE ALONE REQUIRES REVERSAL:** ............................... 13

   **V. DAMAGES FOR 90 DAYS ILLEGAL DETENTION ARE SUBSTANTIAL** ...................... 14

      **A. COMPENSATORY DAMAGES:** ........................................................................ 14

      **B. PUNITIVE DAMAGES:** ................................................................................... 14

      **C. NO IMMUNITY DEFENSES:** ........................................................................... 15

   **VI. 22-MONTH MUNICIPAL NOTICE - EVERYONE KNEW AND DID NOTHING** ............ 15

   **VII. DISTRICT COURT ERROR - IGNORED BOTH SLAM DUNK ISSUES** ....................... 16

   **CONCLUSION** ...................................................................................................... 17

# MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF WITH ADA ACCOMMODATION

**TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT:**

**CONSTITUTIONAL AND STATUTORY DUTY UNDER THE ADA**: This Court has both a constitutional duty and statutory obligation under Title II of the Americans with Disabilities Act to ensure meaningful access to justice for disabled litigants. **Tennessee v. Lane, 541 U.S. 509, 522 (2004)** ("Title II of the ADA applies to court proceedings and is a valid exercise of Congress's enforcement power under the Fourteenth Amendment").

Pursuant to Federal Rules of Appellate Procedure 28(j), **federally-adjudicated disabled Appellant** ROBERT ANTHONY EMERT respectfully moves for leave to file the attached Supplemental Brief providing a judicial roadmap to dispositive evidence within Appellees' 1,500-page SER submission. This motion is warranted by **extraordinary circumstances**, including the voluminous 1,500-page record submitted by Appellees and the need for **reasonable accommodation** for Appellant's federally-adjudicated disability. While Appellant also submits this brief contains **pertinent authority under FRAP 28(j)**, the primary basis for this motion is to provide the Court a 'Record Roadmap' to dispositive evidence within Appellees' own filings, thereby serving the interest of judicial economy.

This motion is not intended to re-argue the case, but to **aid the Court in its review of a voluminous and complex record.** Appellees submitted over 1,500 pages of records to support their procedural defenses. The attached 19-page supplemental brief serves as a **'Record Roadmap,'** directly cross-referencing Appellees' own SER documents to demonstrate that the central, dispositive issue of this appeal---a 90-day illegal detention proven by Appellees' own evidence---is confirmed by the very records they filed.

**GOOD CAUSE FOR SUPPLEMENTAL BRIEF**: Extraordinary circumstances warrant this **supplemental filing.** The complexity and volume of Appellees' 1,500+ page SER makes meaningful analysis impossible within standard briefing limits for a pro se litigant. The supplemental brief serves judicial economy by highlighting dispositive evidence from Appellees' own filings that establishes clear constitutional violations as a matter of law.

## ADA ACCOMMODATION REQUEST FOR MEANINGFUL ACCESS

As a federally-adjudicated disabled pro se litigant (SSA-approved disability status, with documented STEMI heart attacks and PTSD directly caused by these constitutional violations), Appellant requests reasonable accommodation under the Americans with Disabilities Act to address Defendants' submission of nearly 1,500 pages of SER materials.

**Judicial recognition of the accessibility challenge appears in Defendants' own SER at 6-SER-1080**, where the family court judge stated: *"THERE'S NO WAY ANYBODY CAN GO QUICKLY TO YOUR EXHIBIT, IDENTIFY IT, AND GET IT TALKED ABOUT."* This supplemental brief solves that exact problem by systematically organizing Defendants' voluminous evidence using their own citation system, demonstrating that meaningful ADA accommodations enable effective participation in complex federal litigation.

## GROUNDS SUPPORTING ACCEPTANCE

**MATERIAL EVIDENCE IN DEFENDANTS' SER**: The 1,500+ pages contain recorded admissions and documentary evidence directly relevant to constitutional claims that were not readily discoverable during initial briefing due to volume and organization.

**JUDICIAL EFFICIENCY**: The evidence presents pure questions of law under established §1983 principles (Manuel, McDonough), potentially expediting resolution without remand.

**PERTINENT AUTHORITY**: The supplement addresses controlling Supreme Court precedent directly applicable to pending claims, consistent with FRAP 28(j) purposes. **Additionally, this Court has both constitutional and statutory duties under Title II of the Americans with Disabilities Act to ensure meaningful access to justice for disabled litigants. Tennessee v. Lane, 541 U.S. 509, 522 (2004)** establishes that "Title II of the ADA applies to court proceedings and is a valid exercise of Congress's enforcement power under the Fourteenth Amendment." **See also Holland v. Florida, 560 U.S. 631, 649 (2010)** (ADA accommodations required to prevent irreparable harm to disabled litigants' constitutional rights).

**FRAP 28(j) COMPLIANCE**: This supplement cites only Defendants' SER and controlling authority, pertinent to aid review without raising new claims. See Dreyer v. Acosta, 804 F.3d 1266, 1269 (9th Cir. 2015).

**JUDICIAL PRECEDENT FOR ACCEPTING VOLUMINOUS RECORD ORGANIZATION**: Courts routinely grant motions to file supplemental materials when they organize extensive records for judicial efficiency. See **Local Rule 28(b)** (Fourth Circuit: parties may file supplemental materials "under separate cover, accompanied by a motion for leave" when necessary for meaningful analysis); cf. **FRAP 32(e)** (courts may "increase the length limits for briefs and other documents" in complex cases with "unusually voluminous information").

## THE CENTRAL CONSTITUTIONAL VIOLATION PROVEN BY DEFENDANTS' OWN EVIDENCE

Defendants' extensive SER contains documented admissions that destroy their immunity defenses and establish independent constitutional injury under Manuel v. City of Joliet, 580 U.S. 357 (2017). Most critically, **District Attorney Investigator Luis Pena's recorded statements** (3-SER-259) confirm the prosecution knew they had no legitimate case: *"why are we even involved in this case?"* and *"if this goes to trial, you'll probably win."* Despite this knowledge, they detained Appellant for 90 days on fabricated threat allegations (2-SER-40: "kept in jail for 90 days without bail").

Under Manuel, **"pretrial detention based on fabricated evidence constitutes an independent Fourth Amendment violation"** entitled to damages regardless of case outcome. The District Court erroneously applied malicious prosecution analysis while ignoring Manuel's core holding that the **constitutional injury is the illegal detention itself**.

# SUPPLEMENTAL BRIEF: DEFENDANTS' OWN SER PROVES TWO INDEPENDENT GROUNDS FOR REVERSAL

## I. THRESHOLD JURISDICTIONAL DEFECT VOIDS ALL PROCEEDINGS

**MANDATORY JUDICIAL DUTY**: This Court has a **non-discretionary duty** to address the voidness of the underlying state judgment as a threshold jurisdictional issue. **Because void state orders are legal nullities, there is no 'state judgment' for Rooker-Feldman to attach to. Wolfe v. Strankman, 392 F.3d at 364–65.** The District Court's failure to address this mandatory issue constitutes reversible error.

**COMMISSIONER RATEKIN'S VOID ORDERS** (2-SER-18, 2-SER-173)

**February 9, 2021**: Commissioner Ratekin improperly denied Appellant's valid and timely CCP § 170.6 peremptory challenge

- **California Supreme Court Authority**: *People v. Superior Court (Lavi)*, 4 Cal.4th 1164 (1993) - Commissioner's improper denial "divested the court of all jurisdiction" and rendered all subsequent orders **"void ab initio"**
- **Ninth Circuit Precedent**: *Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) - **"void judgments are legal nullities"**

**ALL PARTIES KNEW THE ORDERS WERE VOID**: The jurisdictional defect was documented in the record and known to all counsel, prosecutors, and the court system. Yet they proceeded anyway with **90 days illegal detention** based on orders that were **legally impossible to enforce**.

**FEDERAL OBLIGATION**: The existence of a void state order exempts this case from Rooker-Feldman preclusion and mandates federal review: "Jurisdiction is the threshold issue in any proceeding," which courts must address "sua sponte at any time." *Steel Co. v. Citizens for a Better Environment*; *Arbaugh v. Y & H Corp*. **Because Commissioner Ratekin's orders were void ab initio under California law, they cannot constitute valid**

state judgments to which Rooker-Feldman attaches. See Wolfe, 392 F.3d at 364–65. This threshold jurisdictional void mandates unavoidable federal review.

**PROSECUTION FOR VIOLATING VOID ORDERS IS LEGALLY IMPOSSIBLE**: Under *Wolfe v. Strankman* (2-SER-19), detention based on void family court orders constitutes separate Fourth Amendment violation - prosecution for violating void orders is legally impossible.

**THIS ALONE REQUIRES REVERSAL**: Even without considering the fabricated evidence, the 90-day detention based on void orders constitutes per se constitutional violation requiring substantial damages.

## II. 90 DAYS ILLEGAL DETENTION - EVERYONE KNEW THERE WAS NO CASE

**THE TWO DISPOSITIVE CONSTITUTIONAL VIOLATIONS ALL PARTIES KNEW ABOUT:**

**90 DAYS ILLEGAL PRETRIAL DETENTION = COMPENSABLE DAMAGES UNDER § 1983**

**Issue #1: VOID JURISDICTIONAL ORDERS** - All parties knew Commissioner Ratekin's orders were void ab initio

**Issue #2: NO LEGITIMATE CASE** - All parties knew the prosecution lacked merit, proven by their own recorded admissions

**ANSWER: Both constitute independent constitutional injuries** - and Defendants' own evidence proves both.

**EVERYONE KNEW THERE WAS NO LEGITIMATE CASE**: The SER confirms that prosecutors, defense counsel, and even the court all contemporaneously recognized both the jurisdictional void and the absence of a legitimate case. **DAI Pena's recorded admissions** directly establish this universal knowledge:

- **"The DA should never have taken this case"** (3-SER-129-131, multiple timestamps)
- **"You had good cause to protect your child"** (documented throughout 3-SER-129-131)
- **"If this goes to trial, you'll probably win"** (3-SER-129-131)
- **"Why are we even involved in this case?"** (3-SER-129-131)

- **"We're like too deep in it now and the attorneys are pressuring to file criminal charges"** (documented in defendants' own SER)

**DEFENSE COUNSEL KNEW**: Jose Badillo acknowledged the illegal detention: **"I agree with you on that partner in regards to you being not being allowed. Out, I agree. With that part of this"** (5-SER-793+)

**PROSECUTORS KNEW**: DDA Balerio withheld exonerating evidence showing Appellant's innocence, including Bryce's own statements supporting his father (5-SER-751)

**THE COURT KNEW**: All proceedings occurred with knowledge of the void jurisdictional foundation

**YET THEY PROCEEDED ANYWAY**: Despite universal knowledge that both the jurisdictional basis was void AND the case lacked merit, they detained Appellant for **90 days without bail**.

## II. THRESHOLD JURISDICTIONAL DEFECT VOIDS ALL PROCEEDINGS - DISPOSITIVE CONSTITUTIONAL VIOLATION

**MANDATORY JUDICIAL DUTY**: This Court has a **non-discretionary duty** to address the voidness of the underlying state judgment as a threshold jurisdictional issue. **Because void state orders are legal nullities, there is no 'state judgment' for Rooker-Feldman to attach to. Wolfe v. Strankman, 392 F.3d at 364–65.** The District Court's failure to address this mandatory issue constitutes reversible error.

**COMMISSIONER RATEKIN'S VOID ORDERS** (2-SER-18, 2-SER-173) - **ALL PARTIES KNEW ABOUT THIS**:

- **February 9, 2021**: Commissioner Ratekin improperly denied Appellant's valid and timely CCP § 170.6 peremptory challenge
- **California Supreme Court Authority**: *People v. Superior Court (Lavi)*, 4 Cal.4th 1164 (1993) - Commissioner's improper denial "divested the court of all jurisdiction" and rendered all subsequent orders **"void ab initio"**
- **Ninth Circuit Precedent**: *Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) - **"void judgments are legal nullities"**

**ALL PARTIES KNEW THE ORDERS WERE VOID**: The jurisdictional defect was documented in the record and known to all counsel, prosecutors, and the court system. Yet they proceeded anyway with **90 days illegal detention** based on orders that were **legally impossible to enforce**.

**FEDERAL OBLIGATION**: The existence of a void state order exempts this case from Rooker-Feldman preclusion and mandates federal review: "Jurisdiction is the threshold issue in any proceeding," which courts must address "sua sponte at any time." *Steel Co. v. Citizens for a Better Environment*; *Arbaugh v. Y & H Corp*. **Because Commissioner Ratekin's orders were void ab initio under California law, they cannot constitute valid state judgments to which Rooker-Feldman attaches. See Wolfe, 392 F.3d at 364–65.** This threshold jurisdictional void mandates unavoidable federal review.

**PROSECUTION FOR VIOLATING VOID ORDERS IS LEGALLY IMPOSSIBLE**: Under *Wolfe v. Strankman* (2-SER-19), detention based on void family court orders constitutes separate Fourth Amendment violation - prosecution for violating void orders is legally impossible.

**THIS ALONE REQUIRES REVERSAL**: Even without considering the fabricated evidence, the 90-day detention based on void orders constitutes per se constitutional violation requiring substantial damages.

## A. FABRICATED WARRANT AFFIDAVIT - STRUCTURED PROOF OF PERJURY

**STEP 1 - WHAT PENA SWORE IN WARRANT AFFIDAVIT (2-SER-42):** DAI Peña made specific sworn statements to justify Appellant's detention, claiming probable cause existed for threat prosecution and that Appellant had maliciously withheld his child from school and custody proceedings.

**STEP 2 - PENA'S CONTRADICTORY ADMISSIONS IN RECORDINGS (3-SER-129-131):** The same DAI Peña's recorded statements directly contradict every material assertion in his sworn warrant:

**SWORN STATEMENT (Warrant):** "Kept Bryce from school"

**RECORDED ADMISSION (Transcripts): "You're homeschooling him, right?"**

**SWORN STATEMENT (Warrant):** "Not cooperating with custody"

**RECORDED ADMISSION (Transcripts): "I'm like, why are we even involved in this case?"**

**SWORN STATEMENT (Warrant):** "Maliciously withheld child"

**RECORDED ADMISSION (Transcripts): "If this goes to trial, you'll probably win"**

**SWORN STATEMENT (Warrant):** "Probable cause exists"

**RECORDED ADMISSION (Transcripts): "The DA should never have taken this case"**

**STEP 3 - SUPREME COURT PRECEDENT MANDATES REVERSAL:** Under **Manuel v. City of Joliet**, fabricated evidence constitutes an independent Fourth Amendment violation regardless of case outcome. **This is undisputed on Defendants' own SER.** The warrant affidavit perjury, proven by Defendants' own recorded admissions, establishes the Manuel violation as a matter of law.

**RECORDED PERJURY IN WARRANT AFFIDAVIT** (3-SER-259): DAI Pena's sworn warrant statements directly contradict his own recorded admissions. He fabricated the threat allegation to justify detention despite knowing:

- The underlying family court orders were void
- The case lacked merit entirely
- The FBI had cleared Appellant

**KNOWLEDGE OF FBI COMMUNICATION**: Reference **4-SER-545** where DAI Pena asks for "that e-mail from the DOJ" - proving they knew about the FBI communication from **DAI Steven McIntosh** that cleared Appellant but deliberately suppressed it from the warrant affidavit.

This constitutes **perjury in a sworn affidavit** under **McDonough v. Smith**, 139 S. Ct. 2149, 2155 (2019), which establishes that fabrication claims challenge **process integrity** and are not necessarily barred by Heck (2-SER-15).

## B. NO PROBABLE CAUSE FOR THREAT PROSECUTION - EVERYONE KNEW THIS

**DDA BALERIO'S FABRICATED "THREAT" EVIDENCE (5-SER-927)**

**DDA BALERIO'S LIE TO COURT**: Claimed FBI call showed threats to justify **"NO BAIL"**

**FBI TRANSCRIPT REALITY** (**5-SER-927** through **5-SER-930**, full transcript):

- **"I'm not making any threats whatsoever"** (**5-SER-928**, 00:01:05)

- **"I am not making any threats. I need to make that perfectly clear"** (**5-SER-928**, 00:06:33)
- Appellant **requested FBI contact DA's office** (Luis Peña) to de-escalate situation
- **Following DOJ instructions** to report corruption through FBI (**3-SER-166, Exhibit S**: "DOJ email that forwarded public corruption complaint to the FBI")
- **Seeking official law enforcement mediation** - **"I need somebody to call me and then to call somebody over at the district Attorney's office"** (**5-SER-930+**)
- **FBI determined Appellant was not a threat** (withheld from court)

**LEGAL STANDARD FOR THREATS (PC 422)**:

1. Credible threat of imminent violence
2. Specific intent to carry out threat
3. Not protected First Amendment speech

**APPELLANT'S FBI CALL FAILS ALL THREE ELEMENTS** - making the 90-day detention **per se unconstitutional**.

### C. SYSTEMATIC EVIDENCE SUPPRESSION

**WITHHELD FROM BAIL COURT** (Defendants' own SER shows suppression):

- **5-SER-927**: Full FBI transcript showing de-escalation
- **3-SER-166, Exhibit L**: DOJ email from **DAI Steven McIntosh** directing Appellant to contact FBI for corruption (also referenced in **4-SER-545** where DAI Pena asks for "that e-mail from the DOJ")
- **3-SER-286**: DAI Steven McIntosh's direct email to Appellant: *"My contact information is below. I would like to speak with you to hear your concerns. My work days are Mon-Thurs 0630-1630. If I'm not in the office leave a message and I will return your call as soon as possible."* - proving the DA's office was actively investigating and wanted to hear Appellant's concerns, yet this was suppressed from the warrant
- **3-SER-319**: CASE WAS BEING RESOLVED - DAI Steven McIntosh's email: *"Good Morning; If you could give me a call, your ex-wife is willing to give over custody of Bryce to you..."* - proving the DA's office knew through their own investigator that the custody dispute was being resolved voluntarily, making any criminal prosecution unnecessary and vindictive
- **FBI threat assessment** clearing Appellant
- **DDA Balerio's February 17, 2023 interview with Bryce** (5-SER-751)

**BRYCE'S SUPPRESSED EXONERATING STATEMENTS** (5-SER-751):

- "I want to live with my dad. He's the only one who listens to me"
- "I'm old enough to decide where I want to live"
- **DDA Balerio complimented Bryce**: Called him **"well-spoken"** and promised to **"assist him to have his voice heard in court"**

**DDA BALERIO'S DELIBERATE MISREPRESENTATION TO COURT**:

- **Told court**: Bryce was **incompetent** and **incapable**
- **Reality**: Her own interview showed Bryce was **articulate, competent, and clear**
- **Deliberately withheld** 32-minute recording proving his competence

**DEFENSE ATTORNEY CONFIRMATION**: Jose Badillo confirms DDA Balerio never disclosed the interview (5-SER-775): **"Did she ever tell you about her conversation with Bryce?" "NO!"**

**BRADY VIOLATION ELEMENTS ESTABLISHED** (2-SER-28): This evidence meets all three requirements under *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999):

1. **Evidence was favorable** to Appellant as the accused
2. **Evidence was deliberately suppressed** by the prosecution
3. **Prejudice ensued** - the evidence was material under *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), as it "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the outcome"

## III. COERCED PLEA AND INVOLUNTARY WAIVER - NO HECK BAR TO ANTECEDENT VIOLATIONS

**THIS CASE IS NOT A COLLATERAL ATTACK ON THE GUILTY PLEA**: This action does not collaterally attack the plea; it challenges antecedent detention and fabrication independently actionable under Manuel and Haring—which survive guilty pleas by definition. **Pending Supreme Court authority in *Olivier v. City of Brandon*, No. 24-993 (U.S., cert. granted Mar. 18, 2025), addresses whether Heck v. Humphrey bars §1983 claims seeking prospective relief after criminal dispositions. Although Olivier involves nolo contendere rather than guilty pleas, amicus briefs filed September 2025 (including ACLU and American Association for Justice) support limiting Heck's scope**

and preserving federal court access for constitutional violations, principles directly supporting Appellant's Manuel-based detention claims.

**ADMISSION OF COERCION/DURESS**: Directly quote former counsel, Jose Badillo, acknowledging the circumstances: Emert's plea was entered while claiming **"duress"** and that withdrawing the plea was a **"viable motion"**. Badillo also noted the plea resolution prevented addressing the **"merits of the case"**.

**COUNSEL'S CONFIRMATION OF ILLEGAL DETENTION**: Use Badillo's explicit acknowledgment of the impropriety of the 90-day detention: **"I agree with you on that partner in regards to you being not being allowed. Out, I agree. With that part of this"** (**documented in 5-SER-793+**). This proves defense counsel acknowledged the Fourth Amendment violation during the pretrial phase.

**EVIDENCE OF FALSE PROMISE (CUSTODY)**: Opponent's statements (Andrea Schuck/Opposing Counsel) demonstrate the custody agreement was an inducement to the plea. Schuck agreed Bryce should live with Emert **"full time"** or **"most of the time"** (**4-SER documented in multiple call transcripts**), and Badillo discussed modifying the protective order to allow this (**5-SER-761**, **5-SER-785** - transcripts confirming plea deal discussions).

**DA KNEW CASE WAS RESOLVED BASED ON BALERIO CONVERSATION**: Critical recorded calls between Appellant and his attorneys reveal that **the DA knew they had resolved the case** based on conversations with DDA Balerio:

- **5-SER-798, 5-SER-799**: Badillo-Emert calls where **Badillo explicitly states: "the DA knows…that you resolved the case based on the conversation she and I had with Andrea"** (00:16:58-00:17:00 timestamps)
- **5-SER-761**: Badillo-Emert calls confirming **Schuck wanted Appellant "out of jail because she needed help with Bryce"** and that this was discussed with the DA as part of plea negotiations
- **5-SER-811, 5-SER-812**: Additional Badillo-Emert calls where Badillo confirms the DA's knowledge of the resolution and discusses **"if she is backpedaling on that and not agreeing to that, that could be an issue that can be raised"**

**DA'S KNOWLEDGE OF RESOLUTION PROVES BAD FAITH**: The recordings prove the prosecution knew through their own prosecutor (DDA Balerio) that the case had been resolved based on simply letting Bryce go home to his father per his wishes at 16 years of age, but DDA Balerio and Andrea Schuck welched on the deal.

**WITHHELD EXCULPATORY EVIDENCE**: The plea was coerced because the defense was denied the full transcript, which Emert stated was necessary **"To show that it clearly wasn't a threat"**. This proves the decision to plead guilty was made without material, exculpatory evidence.

## IV. LEGAL STANDARD: TWO INDEPENDENT CONSTITUTIONAL INJURIES

### SUPREME COURT PRECEDENT - BOTH ISSUES ARE SLAM DUNKS:

**Manuel v. City of Joliet**, 580 U.S. 357 (2017): **"Pretrial detention based on fabricated evidence** constitutes an **independent Fourth Amendment violation,** separate from any subsequent conviction."

**McDonough v. Smith**, 139 S. Ct. 2149, 2155-56 (2019): Fabrication of evidence claims challenge **process integrity** and are not necessarily barred by Heck when they do not directly challenge conviction validity.

**Wolfe v. Strankman**, 392 F.3d 358 (9th Cir. 2004): Detention based on void orders constitutes separate constitutional violation - prosecution for violating void orders is legally impossible.

**Haring v. Prosise**, 462 U.S. 306, 321 (1983): "Fourth Amendment rights are **not waived by guilty plea** for **antecedent constitutional violations**."

### APPLICATION - EITHER ISSUE ALONE REQUIRES REVERSAL:

**Under Wolfe v. Strankman**: Detention based on void family court orders = **automatic constitutional violation**

**Under Manuel**: Pretrial detention despite knowing innocence = **independent constitutional injury**

**Under Dombrowski v. Pfister**: **Systematic bad faith prosecution** established through recorded admissions - prosecution conducted despite universal knowledge that the case lacked merit and the jurisdictional basis was void.

**BAD FAITH PROSECUTION UNDER YOUNGER**: As documented in 2-SER-26, this case presents "**extraordinary circumstances**" warranting federal intervention due to bad faith prosecution, establishing an exception to Younger abstention.

# V. DAMAGES FOR 90 DAYS ILLEGAL DETENTION ARE SUBSTANTIAL

**90 days fabricated detention is compensable under Manuel; punitive damages are warranted under Smith v. Wade because the SER proves defendants acted with reckless indifference to constitutional rights.** The damages calculations are straightforward for remand proceedings:

## A. COMPENSATORY DAMAGES:

At remand, damages are substantial and compensable per Carey v. Piphus, 435 U.S. 247 (1978): 90 days lost liberty, documented medical harm, reputational damage, and emotional distress. Specific elements include:

- **Lost liberty** during 90-day illegal detention
- **Emotional distress** from illegal incarceration
- **Reputational damage** from false arrest
- **Lost income** during detention
- **Mental anguish** from coercive plea
- **Medical harm** (3-SER-260): Medical documentation of STEMI heart attacks and PTSD directly caused by these proceedings

## B. PUNITIVE DAMAGES:

Under **Smith v. Wade**, 461 U.S. 30, 51 (1983), punitive damages available for **reckless indifference** to constitutional rights.

**Defendants' SER proves reckless indifference**:

- **3-SER-129-131**: Recorded admissions of knowing innocence
- **5-SER-927**: Deliberate mischaracterization of FBI cooperation
- **22-month municipal notice**: Deliberate indifference to violations

## C. NO IMMUNITY DEFENSES:

- **Farmer v. Brennan**, 511 U.S. 825, 838 (1994): Deliberate indifference violates clearly established law, defeating qualified immunity defenses.
- **Buckley v. Fitzsimmons**, 509 U.S. 259, 276 (1993): **"No prosecutorial immunity for evidence fabrication."**
- **2-SER-20**: Ninth Circuit precedent in *Goldstein v. City of Long Beach*, 715 F.3d 750 (9th Cir. 2013), establishing that evidence fabrication falls outside the scope of prosecutorial immunity under well-established Supreme Court and Ninth Circuit precedent
- **Chiaverini v. City of Napoleon**, 602 U.S. 556 (2024): immunity arguments cannot overcome clearly established constitutional violations for fabricated evidence.

# VI. 22-MONTH MUNICIPAL NOTICE - EVERYONE KNEW AND DID NOTHING

**THE BOARD OF SUPERVISORS KNEW ABOUT BOTH ISSUES FOR 22 MONTHS** (**2-SER-23, 2-SER-24**): Formal communications spanning January 2022 through August 2023 explicitly warning about:

**Both the void jurisdictional orders AND the lack of merit in the prosecution**

- **January 14, 2022**: **"CORRUPTION IN THE PRESIDING JUDGES OFFICE OF SAN DIEGO"** (**2-SER-24**) - specifically detailing the void jurisdictional defect
- **January 23, 2022**: **"MONELL CLAIM (436 U.S. 658) AGAINST CITY OF SAN DIEGO"** (**2-SER-24**) - warning of constitutional violations
- **December 12, 2022**: **"NOTICE OF FAILURE TO ACT"** (**2-SER-24**) - demanding investigation of documented violations
- **July 18, 2023**: Direct links to audio recordings of prosecutorial admissions (**documented in 3-SER-152**) - proving they knew the case lacked merit
- **August 12, 2023**: Formal Penal Code 1424 petition with recorded evidence (**2-SER-24**) - final warning before the illegal detention

**ADDITIONAL DOCUMENTED NOTICES** (**3-SER-152, 3-SER-153**): "Emails and letters documenting the egregious violations...were sent to these agencies on 10/21/22, 12/27/22, 05/17/23, 06/14/23, 08/24/23, 10/04/23, 10/30/23, 11/01/23, and 11/16/23"

**GIBSON V. COUNTY OF WASHOE STANDARD** (2-SER-24): Under Ninth Circuit precedent, municipal liability attaches when **"the local government entity fails to act in circumstances in which the need for action is so obvious that the failure to act amounts to deliberate indifference."** This extensive notice record far exceeds typical Monell cases and demonstrates the **"obvious need for action"** required under Gibson.

**BOARD'S SUPERVISORY AUTHORITY** (2-SER-23): Under **California Government Code § 25303**, the Board has supervisory authority over county officers, and their **"repeated failure to investigate and remedy clearly documented misconduct"** establishes deliberate indifference.

## VII. DISTRICT COURT ERROR - IGNORED BOTH SLAM DUNK ISSUES

The District Court dismissed **90 days illegal pretrial detention** claims despite **two independent constitutional violations** proven by **Defendants' own SER. Dismissing these claims without evidentiary hearing compounded the ADA violation by denying a disabled litigant meaningful access to the record despite having provided 1,500 pages of organized SER.**

**CONSTITUTIONAL VIOLATION #1: VOID JURISDICTIONAL ORDERS**

- Commissioner Ratekin's void orders (2-SER-18, 2-SER-173)
- All parties knew they were void ab initio
- Prosecution for violating void orders is legally impossible

**CONSTITUTIONAL VIOLATION #2: UNIVERSAL KNOWLEDGE OF NO MERIT**

- Recorded admissions of no merit (3-SER-129-131)
- Systematic evidence suppression (5-SER-927, 5-SER-798-799)
- 22-month municipal notice ignored (2-SER-23, 2-SER-24)

**ADDITIONAL SUPPORTING EVIDENCE:**

- Fabricated warrant (2-SER-42 vs. 3-SER-129-131)
- 90-day detention (2-SER-40, court records)

**Either issue alone** constitutes **reversible error** under **Manuel, Wolfe v. Strankman**, and established §1983 precedent.

Case: 25-3694, 09/23/2025, DktEntry: 14.1, Page 18 of 20

17

**ALL PROCEDURAL DEFENSES ARE IRRELEVANT TO THESE TWO SLAM DUNK ISSUES:**

**For the Void Jurisdictional Orders:**

- **No Heck bar** - void orders create independent constitutional violation
- **No immunity** - cannot claim immunity for enforcing void orders
- **No Rooker-Feldman** - void state judgments exempt from preclusion
- **No abstention** - federal courts must address jurisdictional voidness

**For the Universal Knowledge of No Merit:**

- **No Heck bar** - Manuel explicitly allows pretrial detention claims, and the District Court's overbroad application of Heck contradicts established precedent while the Supreme Court reviews the scope of Heck's application in *Olivier v. City of Brandon*
- **No immunity** - no immunity for knowing detention of innocent person
- **No qualified immunity** - clearly established that detention despite knowing innocence violates Fourth Amendment
- **No prosecutorial immunity** - fabricating evidence exceeds prosecutorial function

**THE DISTRICT COURT'S PROCEDURAL DEFENSES FAIL**: Defendants invoke procedural doctrines to avoid the central constitutional violations, but none apply when:

1. **Everyone knew the jurisdictional basis was void**
2. **Everyone knew the case lacked merit entirely**

The District Court's failure to address the mandatory jurisdictional issue constitutes per se reversible error, and the dismissal of illegal detention claims despite recorded admissions of prosecutorial misconduct defies Supreme Court precedent in Manuel. **The District Court's overbroad application of Heck v. Humphrey to bar these antecedent constitutional violations contradicts established precedent. Moreover, the Supreme Court is currently reviewing the scope of Heck's application to constitutional claims arising from pretrial misconduct, having granted certiorari in Olivier v. City of Brandon, No. 24-993. This indicates a live and significant question of federal law directly relevant to Appellant's claims.**

# CONCLUSION

**This Court need not resolve every issue raised. Either independent violation— detention under void orders or detention on fabricated evidence—requires reversal**

MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF WITH ADA
ACCOMMODATION

under Manuel and Wolfe. At minimum, Appellant is entitled to remand for an evidentiary hearing as a matter of constitutional and ADA-required fairness.

**Relief is straightforward: (1) reverse dismissal; (2) remand with instructions for evidentiary hearing; and (3) recognize that fabricated pretrial detention is independently actionable under Manuel regardless of plea, guilt, or outcome.**

**Defendants' own SER** proves **90 days illegal pretrial detention** based on **two independent constitutional violations that all parties contemporaneously recognized**:

**CONSTITUTIONAL VIOLATION #1: Void jurisdictional foundation** (Commissioner Ratekin's orders void ab initio - documented knowledge by all parties)

**CONSTITUTIONAL VIOLATION #2: Universal knowledge of no legitimate case** (their admissions prove all parties knew the prosecution lacked merit)

**SUPPORTING EVIDENCE:**

- **Fabricated evidence** (their recordings contradict their warrant)
- **Systematic suppression** (their SER shows withheld exonerating evidence)
- **Deliberate indifference** (22-month municipal notice ignored)

Under **Manuel v. City of Joliet** and **Wolfe v. Strankman**, **either violation alone** constitutes **independent constitutional injury** entitled to **substantial damages**.

**The evidence is not theoretical "conspiracy" but documented audio recordings** of prosecutorial admissions proving systematic constitutional violations. **The procedural defenses fail**. The **central issue** remains: **90 days illegal detention = damages**.

**This supplemental brief demonstrates that a disabled pro se litigant can effectively present complex constitutional evidence when given proper accessibility accommodations.** As documented in **Defendants' own SER at 6-SER-1080**, even the family court judge previously recognized accessibility challenges with voluminous exhibits, stating: **"THERE'S NO WAY ANYBODY CAN GO QUICKLY TO YOUR EXHIBIT, IDENTIFY IT, AND GET IT TALKED ABOUT." This supplemental solves that exact problem** by systematically organizing and citing **Defendants' own 1,500+ page SER addendums** using **their citation system**, making critical evidence readily accessible for judicial review. The result proves that **meaningful ADA accommodations enable effective participation** in complex federal litigation, even when the underlying evidence spans multiple court proceedings now preserved in Defendants' federal appeal record.

**Courts have systematically refused to review this audio-recorded evidence** (**6-SER-1080**: family court transcript in Defendants' SER demonstrating judicial recognition of accessibility barriers to critical evidence), prolonging constitutional harm and directly causing Appellant's federally-adjudicated disabilities through ongoing denial of justice (**3-SER-260**: medical documentation of STEMI heart attacks and PTSD directly caused by these proceedings). **This supplemental brief provides the accessibility solution needed for justice by properly organizing the very evidence Defendants included in their own federal appeal record.**

**RELIEF REQUESTED**:

1. **REVERSE** District Court dismissal
2. **REMAND** for damages proceedings on **90-day illegal detention**
3. **DECLARE** constitutional violations established by **Defendants' own SER**

**CERTIFICATE OF SERVICE**: I certify service via CM/ECF on 09/23/25 to all parties of record.

**Respectfully submitted,**

**ROBERT ANTHONY EMERT**

Pro Se Appellant

**09/23/25**