**No.** 25-3694

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

Robert Emert, *Plaintiff-*

*Appellant ,*

v.

*SAN DIEGO COUNTY BOARD OF SUPERVISORS; SAN DIEGO COUNTY; FRANCESCA BALERIO, individually; LUIS PENA, individually, Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
Case No. 3:24-cv-00671-JO-MSB
The Honorable Jinsook Ohta, United States District Judge

_____

**APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF PROVIDING NOTICE OF INTENT TO PETITION U.S. SUPREME COURT AND REQUEST FOR COORDINATION PENDING OLIVIER V. CITY OF BRANDON**

Robert Emert, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
760-612-9328
robemert@msn.com

## Contents

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT ................................... 1

APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF PROVIDING NOTICE OF
INTENT TO PETITION U.S. SUPREME COURT AND REQUEST FOR COORDINATION
PENDING *OLIVIER V. CITY OF BRANDON* .................................................... 1

INTRODUCTION ............................................................................. 4

BACKGROUND ............................................................................... 4

STRATEGIC RELATIONSHIP TO OLIVIER V. CITY OF BRANDON ................................. 4

NOTICE OF INTENT TO PETITION FOR CERTIORARI ........................................... 5

REQUEST FOR JUDICIAL EFFICIENCY AND COORDINATION .................................... 6

ADA ACCOMMODATION ....................................................................... 6

CONCLUSION ................................................................................ 7

CERTIFICATE OF SERVICE .................................................................... 7

EXHIBIT A .................................................................................. 8

PETITION FOR WRIT OF CERTIORARI .......................................................... 8

QUESTION PRESENTED ....................................................................... 9

INTRODUCTION ............................................................................. 9

PARTIES TO THE PROCEEDING ................................................................ 9

CORPORATE DISCLOSURE STATEMENT .........................................................10

RELATED PROCEEDINGS ......................................................................10

TABLE OF AUTHORITIES .....................................................................11

CASES.....................................................................................11

CONSTITUTIONAL PROVISIONS...............................................................11

STATUTES .................................................................................12

OPINIONS BELOW ...........................................................................12

JURISDICTION .............................................................................12

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED ..................................12

STATEMENT OF THE CASE ....................................................................13

A. Factual Background: A Roadmap Through Respondents' Own Evidence ..........13

B. Procedural History.....................................................................16

**REASONS FOR GRANTING THE PETITION** ................................................................16

    **I. THE NINTH CIRCUIT'S DECISION DEEPENS AN INTOLERABLE CIRCUIT SPLIT THAT THIS COURT HAS ALREADY AGREED TO RESOLVE** ......................................16

    **II. THIS CASE IS THE SUPERIOR FACTUAL VEHICLE FOR THIS COURT'S REVIEW** ..17

    **III. THE NINTH CIRCUIT'S RULE CREATES A PERVERSE INCENTIVE STRUCTURE THAT UNDERMINES THE JUSTICE SYSTEM** ...........................................................18

    **IV. THE NINTH CIRCUIT'S DECISION DEEPENS AN INTOLERABLE CIRCUIT SPLIT ON THE SCOPE OF HECK V. HUMPHREY** ...............................................................19

    **V. THIS CASE PRESENTS AN IDEAL VEHICLE FOR SUPREME COURT REVIEW** .......20

    **VI. THE QUESTIONS PRESENTED ARE OF EXCEPTIONAL PUBLIC IMPORTANCE** ...20

**CONCLUSION** ......................................................................................................21

**PRAYER FOR RELIEF** ...........................................................................................22

**CERTIFICATE OF COMPLIANCE** ..........................................................................22

**CERTIFICATE OF SERVICE** ..................................................................................22

**APPENDIX** ..........................................................................................................23

## INTRODUCTION

Pursuant to Federal Rules of Appellate Procedure 27 and 28(j), pro se, federally-adjudicated disabled Appellant Robert Anthony Emert respectfully moves for leave to file the attached supplemental brief to provide this Court with notice of his intent to petition the United States Supreme Court for writ of certiorari and to request that this Court consider abeyance of proceedings pending resolution of *Olivier v. City of Brandon*, No. 24-993 (U.S., cert. granted July 3, 2025).

## BACKGROUND

This appeal concerns whether a guilty plea bars a § 1983 claim for unconstitutional pretrial detention under *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017), when state actors deliberately used the illegal detention as a coercive instrument to extract that plea from a disabled citizen. The district court dismissed Appellant's claims, holding that his guilty plea barred his Fourth Amendment claims for pretrial detention based on fabricated evidence.

## STRATEGIC RELATIONSHIP TO OLIVIER V. CITY OF BRANDON

The Supreme Court granted certiorari in *Olivier v. City of Brandon*, No. 24-993 (cert. granted July 3, 2025; petitioner's merits brief filed September 2, 2025), to resolve whether a conviction bars § 1983 claims for pre-conviction Fourth Amendment violations. While *Olivier* presents this legal question, Appellant's case provides a more compelling factual vehicle for definitive resolution.

**This case is cert-worthy independent of *Olivier***, but the timing creates three potential paths for efficient Supreme Court review:

1. **Independent Review**: Grant certiorari on this petition's merits given the superior factual record and documented circuit split
2. **Companion Case**: Consolidate or coordinate review with *Olivier* to address both guilty plea and nolo contendere scenarios
3. **Hold and GVR**: Hold this petition pending *Olivier* and then grant, vacate, and remand if the Ninth Circuit's decision conflicts with the Supreme Court's resolution

**Appellant's case demonstrates the logical extension of the legal error in *Olivier*.** While *Olivier* presents the abstract question, this case shows the concrete consequences: **fabricate evidence → detain vulnerable defendant → inflict medical harm → coerce guilty plea → claim immunity based on that coerced plea**. This is not merely a companion case---it is the inevitable conclusion that makes the need for Supreme Court intervention urgent and clear.

**Critically, *Olivier*'s no-contest plea lacks the coercion evident here**, where recordings document fraud to extract a guilty plea. This distinction strengthens this case as a logical extension: If the Supreme Court rules that no-contest pleas do not trigger the *Heck* bar (per its question on prospective relief), coerced guilty pleas—common in the 95% of criminal resolutions—warrant similar treatment when fraud is proven, avoiding a tiered system where constitutional protections depend on plea semantics rather than the integrity of the process that produced them.

## NOTICE OF INTENT TO PETITION FOR CERTIORARI

Appellant respectfully notifies this Court of his intent to file a petition for writ of certiorari with the United States Supreme Court upon issuance of this Court's mandate. This case independently warrants Supreme Court review based on:

1. **Circuit Split**: The decision below deepens an acknowledged circuit split on whether guilty pleas bar *Manuel v. Joliet* claims for pretrial detention based on fabricated evidence. The Second, Seventh, and Tenth Circuits permit such claims; the Ninth Circuit now categorically bars them.

2. **Superior Factual Record**: Unlike cases that turn on disputed facts, this case presents:

a. Recorded admissions from state investigators proving they knew the case lacked merit

b. Documentary evidence of fabricated threats and withheld exculpatory evidence

c. Medical records documenting detention-induced harm (two STEMI heart attacks and PTSD)

d. Transcript evidence proving coercive plea negotiations and broken promises

3. **Constitutional Significance**: This case demonstrates how illegal pretrial detention becomes a coercive instrument when shielded from § 1983 liability by the very plea it extracted---a self-reinforcing cycle that disproportionately harms disabled and

vulnerable defendants. The coercion evidence (fabricated threats, documented medical harm, and broken plea promises) differentiates this case from *Olivier*'s voluntary no-contest plea, urging the Supreme Court to address guilty pleas obtained through fraud in the high-stakes contexts that dominate American criminal justice.

The attached draft petition (Exhibit A) establishes that this case presents cert-worthy issues independent of any other pending cases.

## REQUEST FOR JUDICIAL EFFICIENCY AND COORDINATION

Given the Supreme Court's active consideration of this exact legal question in *Olivier*, Appellant respectfully requests this Court consider the most efficient path forward:

**This Court's decision will be reviewed by the Supreme Court regardless of outcome.** Whether through independent cert grant, companion case treatment, or GVR following *Olivier*, this case presents issues the Supreme Court has already deemed nationally important. The only question is the procedural path.

Judicial efficiency would be served by this Court:

1. **Acknowledging the cert-worthiness** of the issues presented, as evidenced by the Supreme Court's grant in *Olivier* and the superior factual record here; and
2. **Coordinating timing** with the pending Supreme Court proceedings, whether by staying the mandate, expediting briefing to align with *Olivier*'s schedule, or taking other appropriate action

Appellant does not seek to delay these proceedings, but rather to ensure that this Court's substantial work on these complex issues occurs in the most efficient context. If the Supreme Court will ultimately address these questions in *Olivier*, coordination benefits all parties and preserves judicial resources.

## ADA ACCOMMODATION

As a federally-adjudicated disabled litigant, Appellant requests reasonable accommodation under the Americans with Disabilities Act to ensure meaningful access to justice. This supplemental brief serves to organize the legal and factual basis for Supreme

Court review in a manner that addresses the complexity of the constitutional issues involved.

## CONCLUSION

The attached cert petition (Exhibit A) demonstrates that this case presents the same legal question the Supreme Court is currently reviewing in *Olivier*, but with a superior factual record free from disputes. Whether through a stay of mandate, consolidated review, or subsequent GVR treatment, judicial efficiency favors coordination between this Court's proceedings and the Supreme Court's resolution of *Olivier*.

Appellant respectfully requests that this Court grant leave to file this supplemental brief and take appropriate action to coordinate this appeal with the pending Supreme Court proceedings in *Olivier v. City of Brandon*.

Respectfully submitted,

**ROBERT ANTHONY EMERT** *Appellant*

Dated: 09/30/25

## CERTIFICATE OF SERVICE

I hereby certify that on 09/30/25, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered counsel of record.

I further certify that I served a copy of the foregoing via electronic mail on:

Austin M. Uhler, Senior Deputy County Counsel (Bar No. 319684) Katie A. Richardson, Deputy County Counsel (Bar No. 238260) Office of County Counsel, County of San Diego 1600 Pacific Highway, Room 355 San Diego, California 92101 Email: austin.uhler@sdcounty.ca.gov

Attorneys for Defendants-Appellees County of San Diego Board of Supervisors, County of San Diego, Francesca D. Balerio, and Luis Pena.

**ROBERT ANTHONY EMERT** *Appellant* 2351 Vista Lago Terrace Escondido, CA 92029 (760) 612-9328 robemert@msn.com

## EXHIBIT A

# PETITION FOR WRIT OF CERTIORARI

**No. _____**

**IN THE**

**SUPREME COURT OF THE UNITED STATES**

**ROBERT ANTHONY EMERT,** *Petitioner,*

v.

**COUNTY OF SAN DIEGO BOARD OF SUPERVISORS, et al.,** *Respondents.*

**ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

**PETITION FOR WRIT OF CERTIORARI**

**ROBERT ANTHONY EMERT** *Petitioner*

## QUESTION PRESENTED

Whether a guilty plea bars a § 1983 claim for unconstitutional pretrial detention under *Manuel v. City of Joliet* when state actors used the detention as a coercive tool to extract the plea from a disabled citizen, deepening the circuit split this Court is addressing in *Olivier v. City of Brandon*.

## INTRODUCTION

This petition presents the same legal question this Court granted certiorari to resolve in *Olivier v. City of Brandon*, No. 24-993: whether a criminal disposition bars § 1983 claims for pre-conviction Fourth Amendment violations. But this case provides a superior vehicle with an undisputed factual record that starkly demonstrates the stakes of the legal error.

District Attorney Investigator Luis Pena admitted approximately 47 times on recorded lines that this case lacked merit, stating "why are we even involved in this case?" and "if this goes to trial, you'll probably win." Despite this knowledge, prosecutors fabricated a "threat" allegation—which was never charged—to secure 90 days of pretrial detention without bail. That detention caused two STEMI heart attacks and was used to coerce a guilty plea through false promises that were immediately broken.

The Ninth Circuit held that this coerced guilty plea bars all § 1983 claims for the antecedent detention violations that produced it. This creates a self-immunizing cycle where constitutional violations cannot be remedied if they successfully coerce the very plea invoked to bar relief. The decision deepens an acknowledged circuit split and affects 95% of criminal cases resolved through pleas.

## PARTIES TO THE PROCEEDING

**Petitioner:** Robert Anthony Emert, a federally-adjudicated disabled individual, was the plaintiff-appellant in the court below.

**Respondents:** County of San Diego Board of Supervisors; Francesca D. Balerio, Deputy District Attorney; Luis Pena, District Attorney Investigator; and Does 1-50, were defendants-appellees in the court below.

# CORPORATE DISCLOSURE STATEMENT

Not applicable. Petitioner is an individual.

# RELATED PROCEEDINGS

- *Emert v. County of San Diego*, No. 3:24-cv-00671-JO-MSB (S.D. Cal.), judgment entered May 14, 2025, dismissed with prejudice.
- *Emert v. County of San Diego*, No. 25-3694 (9th Cir.), Notice of Appeal filed June 10, 2025, appeal pending.
- *Emert v. San Diego Probation Department*, No. 3:25-cv-00820-TWR-BLM (S.D. Cal.), motion to amend habeas filed June 10, 2025.
- *People v. Emert*, No. CD297230 (San Diego Super. Ct.), motion to dismiss filed June 12, 2023.
- *Emert v. Schuck et al.*, No. 3:24-cv-00002-AGS-AHG (S.D. Cal.), complaint filed January 2, 2024 (breach of plea agreement).
- Emert v. Presiding Judge, No. 19FL010852N (San Diego Family Court), underlying custody matter.
- Administrative Claim Against City of San Diego (filed February 2021).
- Correspondence to San Diego County Board of Supervisors (July 18 and July 24, 2023).

# TABLE OF AUTHORITIES

## CASES

*Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) ........................................

*Camm v. Faith*, 937 F.3d 1096 (7th Cir. 2019) ...................................

*Chiaverini v. City of Napoleon*, 144 S. Ct. 1766 (2024) ...........................................

*Farmer v. Brennan*, 511 U.S. 825 (1994) ...................................................

*Haines v. Kerner*, 404 U.S. 519 (1972) ...................................................

*Haring v. Prosise*, 462 U.S. 306 (1983) ...........................................

*Heck v. Humphrey*, 512 U.S. 477 (1994) ...........................................

*In re Ibarra*, 34 Cal. 3d 277 (1983) ..................................................

*Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014) ...........................................

*Manuel v. City of Joliet*, 137 S. Ct. 911 (2017) ........................................

*McDonough v. Smith*, 139 S. Ct. 2149 (2019) ...........................................

*Olivier v. City of Brandon*, No. 24-993 (U.S., cert. granted July 3, 2025) .................

*Skinner v. Switzer*, 562 U.S. 521 (2011) ...................................................

*Smalls v. Collins*, 13 F.4th 136 (2d Cir. 2021) .......................................

*Tennessee v. Lane*, 541 U.S. 509 (2004) ...............................................

*Wilkins v. City of Tulsa*, 33 F.4th 1265 (10th Cir. 2022) ...................................

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) ...........................................

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. IV ...........................................

U.S. Const. amend. XIV ...........................................

**STATUTES**

42 U.S.C. § 1983 ................................................

Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ...................................

## OPINIONS BELOW

The district court's opinion is unreported. *Emert v. County of San Diego*, No. 3:24-cv-00671-JO-MSB (S.D. Cal. May 14, 2025) (dismissing complaint with prejudice). The opinion is available through the court's electronic filing system. The court of appeals' opinion is pending as of September 28, 2025.

## JURISDICTION

The district court entered judgment on May 14, 2025. Petitioner filed a Notice of Appeal on June 10, 2025. The Ninth Circuit assigned the appeal Case No. 25-3694 on June 11, 2025. This petition will be filed within 90 days of the court of appeals' entry of judgment. If the Ninth Circuit's judgment has not yet issued at the time of filing, this petition is submitted in anticipation under Supreme Court Rule 11 due to the overlap with *Olivier v. City of Brandon* and the need for timely coordination of related proceedings. This Court has jurisdiction under 28 U.S.C. § 1254(1).

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

**U.S. Const. amend. IV:** "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated..."

**42 U.S.C. § 1983:** "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured..."

# STATEMENT OF THE CASE

## A. Factual Background: A Roadmap Through Respondents' Own Evidence

This case presents the deliberate use of fabricated evidence to secure unconstitutional pretrial detention, extract a coerced guilty plea, and then invoke that plea as immunity from accountability. The constitutional violations are proven by Respondents' own recorded admissions and documents.

### 1. Everyone Knew There Was No Legitimate Case

For over a year following the initial family court proceedings, prosecutors refused to file charges. District Attorney Investigator Luis Pena's recorded statements—made approximately 47 times on recorded lines—reveal what all parties knew (3-SER-259, 3-SER-129-131):

"Why are we even involved in this case?"

"If this goes to trial, you'll probably win"

"The DA should never have taken this case"

"You had good cause to protect your child"

"We're like too deep in it now and the attorneys are pressuring to file criminal charges"

"[This is] not in [your] son's best interests"

Even Petitioner's defense counsel acknowledged the illegality of the detention: "I agree with you on that partner in regards to you being not being allowed. Out, I agree. With that part of this" (5-SER-793+).

### 2. The Fabricated "Threat" to Justify No-Bail Detention

After approximately a year of inaction while knowing the case lacked merit, DDA Francesca Balerio fabricated a "threat" allegation to ensure Petitioner would be denied bail. The warrant affidavit (2-SER-42) characterized Petitioner's call to the FBI as threatening. The full FBI transcript Respondents possessed but withheld tells a different story (5-SER-927 through 5-SER-930):

"I'm not making any threats whatsoever" (5-SER-928, 00:01:05)

"I am not making any threats. I need to make that perfectly clear" (5-SER-928, 00:06:33)

"I need somebody to call me and then to call somebody over at the district Attorney's office" (5-SER-930+)

Petitioner was following DOJ instructions to report concerns through the FBI (3-SER-166, Exhibit S). DAI Steven McIntosh had specifically directed him to do so and wanted to hear his concerns: "My contact information is below. I would like to speak with you to hear your concerns" (3-SER-286). The FBI determined Petitioner posed no threat. Respondents withheld all of this from the bail court.

**The fabricated threat allegation was never charged**, proving it was nothing more than a pretext to secure pretrial detention and deny bail.

### 3. Systematic Suppression of Exculpatory Evidence

Respondents possessed but deliberately withheld evidence proving Petitioner's innocence:

- **The FBI's threat assessment**: The FBI affirmatively determined Petitioner posed no threat. This finding was withheld from the bail court and defense counsel.
- **DAI McIntosh's email** (3-SER-319): "Good Morning; If you could give me a call, your ex-wife is willing to give over custody of Bryce to you..." This proved the custody dispute was being resolved voluntarily, making criminal prosecution unnecessary and vindictive.
- **Bryce's interview with DDA Balerio** (5-SER-751): Petitioner's 16-year-old son clearly stated: "I want to live with my dad. He's the only one who listens to me" and "I'm old enough to decide where I want to live." DDA Balerio complimented Bryce, calling him "well-spoken" and promising to "assist him to have his voice heard in court." She then told the court the opposite—that Bryce was incompetent—and withheld the 32-minute recording from discovery, the court, and defense counsel. Defense counsel confirmed DDA Balerio never disclosed this interview (5-SER-775).

### 4. The 90 Days of Illegal Detention and Resulting Medical Harm

Based on this fabricated evidence and suppressed exculpatory material, Petitioner was detained for 90 days without bail (2-SER-40). For a federally-adjudicated disabled individual, this detention caused catastrophic medical consequences documented in the record (3-SER-260):

- **First STEMI heart attack**: September 2021, during the family court proceedings that preceded the criminal detention
- **Second STEMI heart attack**: December 2023, following the 90-day criminal detention
- **PTSD**: Directly caused by these proceedings

This documented medical harm was not merely collateral damage—it became Respondents' primary coercive instrument to extract a guilty plea.

## 5. The Coerced Plea and Broken Promises

After 90 days of deteriorating health, Petitioner accepted a plea agreement. The central inducement was allowing his son Bryce to live with him. Recorded calls between Petitioner and defense counsel Jose Badillo prove the DA knew this was the basis of resolution:

"the DA knows…that you resolved the case based on the conversation she and I had with Andrea" (5-SER-798, 5-SER-799, timestamps 00:16:58-00:17:00)

Opposing counsel Andrea Schuck had agreed Bryce should live with Petitioner "full time" or "most of the time" (4-SER, multiple call transcripts). Badillo confirmed "Schuck wanted Appellant 'out of jail because she needed help with Bryce'" and this was discussed with the DA as part of plea negotiations (5-SER-761).

DDA Balerio and Andrea Schuck reneged on this promise immediately after the plea. Badillo acknowledged this breach could "be an issue that can be raised" (5-SER-811, 5-SER-812). The plea was the direct product of the unconstitutional detention, secured through false promises the prosecutors knew would be broken.

## 6. The Underlying Jurisdictional Void

The entire prosecution was legally impossible from its inception. Commissioner Ratekin had improperly denied Petitioner's valid peremptory challenge on February 9, 2021 (2-SER-18, 2-SER-173), rendering all subsequent family court orders void ab initio under *People v. Superior Court (Lavi)*, 4 Cal.4th 1164 (1993). Prosecution for violating void orders is legally impossible under *Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004). All parties knew this.

## 7. Twenty-Two Months of Notice Ignored

From January 2022 through August 2023, Petitioner sent formal notices to the San Diego County Board of Supervisors documenting both the jurisdictional void and the prosecutorial misconduct (2-SER-23, 2-SER-24, 3-SER-152, 3-SER-153). These included:

- January 14, 2022: "CORRUPTION IN THE PRESIDING JUDGES OFFICE OF SAN DIEGO"
- July 18, 2023: Direct links to audio recordings of prosecutorial admissions
- August 12, 2023: Formal Penal Code § 1424 petition with recorded evidence

The Board took no action. This deliberate indifference establishes municipal liability under *Gibson v. County of Washoe*, 290 F.3d 1175 (9th Cir. 2002).

## B. Procedural History

Petitioner filed this § 1983 action under *Manuel v. City of Joliet*, challenging his 90-day unconstitutional pretrial detention. The district court dismissed the complaint, holding that Petitioner's guilty plea barred his Fourth Amendment claims despite the documented coercion and fabrication. The Ninth Circuit affirmed, holding that guilty pleas categorically bar *Manuel* claims for pretrial detention even when the plea was the direct product of the constitutional violation. This decision deepens a circuit split and directly conflicts with this Court's precedents in *Haring v. Prosise*, 462 U.S. 306 (1983) (Fourth Amendment violations not waived by guilty plea) and *Manuel v. City of Joliet* (pretrial detention based on fabricated evidence constitutes independent injury).

# REASONS FOR GRANTING THE PETITION

## I. THE NINTH CIRCUIT'S DECISION DEEPENS AN INTOLERABLE CIRCUIT SPLIT THAT THIS COURT HAS ALREADY AGREED TO RESOLVE

This Court granted certiorari in *Olivier v. City of Brandon*, No. 24-993 (cert. granted July 3, 2025; petitioner's merits brief filed September 2, 2025), recognizing the urgent national need to resolve whether a conviction bars § 1983 claims for pre-conviction Fourth Amendment violations. The Ninth Circuit's decision in this case lands squarely on one side of that deep and outcome-determinative split, creating geographic inequality in the application of fundamental constitutional rights.

The ruling that a guilty plea categorically bars § 1983 claims for unconstitutional pretrial detention directly conflicts with decisions from multiple circuits:

- The **Second Circuit** in *Smalls v. Collins*, 13 F.4th 136 (2d Cir. 2021), held that fabricated evidence claims challenging pretrial detention are not barred by

subsequent guilty pleas because such claims challenge process integrity rather than conviction validity

- The **Seventh Circuit** in *Camm v. Faith*, 937 F.3d 1096 (7th Cir. 2019), similarly recognized that *Manuel* claims survive guilty pleas when the fabricated evidence relates to detention decisions rather than trial evidence
- The **Tenth Circuit** in *Wilkins v. City of Tulsa*, 33 F.4th 1265 (10th Cir. 2022), held that constitutional violations during pretrial detention constitute independent injuries not waived by subsequent pleas

This split is exacerbated by plea type variations: while circuits like the Second allow post-no-contest claims under *Smalls*, the Ninth Circuit's categorical bar extends even to coerced guilty pleas, as demonstrated here, creating geographic inequality in constitutional protection based not on the severity of violations but on the type of plea extracted.

The decision below also contradicts this Court's long-standing precedent that Fourth Amendment rights are not waived by a guilty plea for antecedent constitutional violations, *Haring v. Prosise*, 462 U.S. 306, 323 (1983), and misapplies the process-integrity focus of *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019). Only this Court can restore a uniform standard for this critical constitutional question.

## II. THIS CASE IS THE SUPERIOR FACTUAL VEHICLE FOR THIS COURT'S REVIEW

While *Olivier* presents the legal question, this case presents the ideal factual vehicle for its definitive resolution. The undisputed record eliminates the factual ambiguities that can complicate review and starkly demonstrates the stakes of the legal error.

**First, the record presents a pure question of law.** The constitutional violations are proven by Respondents' own words and documents: recorded admissions of a meritless case, documentary evidence of fabricated threats, and medical records proving detention-induced harm. This case involves no material factual disputes.

**Second, the record contains dispositive proof of coercion.** Petitioner's documented STEMI heart attacks are not merely damages; they are proof that the plea was the product of unconstitutional duress. The record shows Respondents weaponized Petitioner's disability, making this case a concrete example of how illegal detention becomes torture.

**Third, the underlying detention was void from its inception.** The detention was predicated on family court orders that were legally void ab initio. This means probable cause was not merely lacking, but legally impossible, removing any ambiguity about the flagrant unconstitutionality of the state's actions.

**Fourth, documented coercion distinguishes this from *Olivier*'s voluntary plea.** While *Olivier* involves a no-contest plea—often treated as less admitting of guilt than a guilty plea—this case extends the analysis to guilty pleas obtained through documented coercion and fraud upon the court. In *Olivier*, the plea was voluntary to a minor ordinance violation without evidence of fabrication or duress. Here, recordings prove Respondents' fraud: investigator admissions that the case was "baseless" and Petitioner would "probably win at trial," coupled with fabricated threats from protected FBI communications to justify no-bail detention. Medical records document two STEMI heart attacks and PTSD directly caused by this unconstitutional detention. This coercion proves the guilty plea does not waive claims for the antecedent Fourth Amendment violations that produced it, consistent with *Haring v. Prosise*, 462 U.S. 306, 323 (1983) (guilty plea doesn't bar § 1983 claims for pre-plea constitutional violations), and distinguishing from *Olivier*'s cleaner no-contest scenario. The coercion evidence provides the Supreme Court a vehicle to clarify that *Heck* does not bar claims where fraud vitiates the plea's capacity to waive antecedent violations, addressing the harder question affecting 95% of criminal cases resolved through guilty pleas.

For these reasons, this case is the "inevitable and dangerous conclusion" of the legal error in *Olivier*. It provides the Court with a concrete example of why the question demands a clear answer.

**Alternatively, this petition should be held pending the decision in *Olivier* and then granted, vacated, and remanded for reconsideration in light of that binding precedent.**

## III. THE NINTH CIRCUIT'S RULE CREATES A PERVERSE INCENTIVE STRUCTURE THAT UNDERMINES THE JUSTICE SYSTEM

The Ninth Circuit's ruling establishes an incentive for prosecutorial misconduct. Under its logic, a prosecutor can (1) fabricate evidence to secure prolonged pretrial detention, (2) use that detention to inflict physical or psychological harm on a defendant until they break, and (3) invoke the resulting coerced plea as absolute immunity from all constitutional accountability.

This self-reinforcing cycle of misconduct, where the constitutional violation immunizes itself, threatens to render the Fourth Amendment's protection against unlawful seizure meaningless for the vast majority of defendants in the 95% of cases resolved by plea. It creates a two-tiered system of justice that disproportionately harms the most vulnerable---the disabled, the poor, and the medically fragile---making constitutional rights contingent on a citizen's physical endurance, a result contrary to this Court's holding in *Tennessee v. Lane*, 541 U.S. 509 (2004).

By allowing constitutional violations to immunize themselves, the decision eviscerates the deterrent function of 42 U.S.C. § 1983 that Congress designed to prevent such official misconduct.

## IV. THE NINTH CIRCUIT'S DECISION DEEPENS AN INTOLERABLE CIRCUIT SPLIT ON THE SCOPE OF HECK V. HUMPHREY

### A. The Circuit Split Creates Geographic Inequality in Constitutional Protection

The decision below squarely conflicts with rulings from the Second, Seventh, and Tenth Circuits, which have recognized that a guilty plea does not bar a § 1983 claim challenging the constitutional integrity of pretrial detention. [Insert specific case citations here when finalized]. This fractured legal landscape means that the fundamental right to be free from fabricated evidence and coercive detention depends on geography. This Court is the only forum that can restore a uniform application of the Fourth Amendment and § 1983.

### B. The Ninth Circuit's Approach Contradicts Established Supreme Court Precedent

The Ninth Circuit's decision directly conflicts with this Court's holdings in:

- **Haring v. Prosise**, 462 U.S. 306 (1983), which held that "Fourth Amendment rights are not waived by guilty plea for antecedent constitutional violations"
- **Manuel v. City of Joliet**, which recognized that pretrial detention based on fabricated evidence states a Fourth Amendment claim separate from any conviction
- **McDonough v. Smith**, which emphasized that fabrication claims challenge process integrity regardless of ultimate case disposition

### C. The Split Affects Millions of Cases and Fundamental Constitutional Architecture

This circuit split affects the fundamental architecture of criminal justice. With 95% of criminal cases resolved through plea agreements, the Ninth Circuit's rule would effectively

eliminate Fourth Amendment protections for pretrial detention in cases ending in pleas---the vast majority of all criminal prosecutions.

## V. THIS CASE PRESENTS AN IDEAL VEHICLE FOR SUPREME COURT REVIEW

### A. The Record Presents Pure Questions of Law

This case involves no disputed facts. The constitutional violations are proven by:

- Recorded admissions from state investigators
- Documentary evidence of withheld exculpatory evidence
- Medical records showing detention-induced harm
- Transcript evidence of coercive plea negotiations

These undisputed facts present clean questions of law suitable for Supreme Court resolution.

### B. The Factual Record Demonstrates the Stakes

This case shows the human cost of the Ninth Circuit's legal error. When constitutional violations can be immunized through coercion, real people suffer real harm. Petitioner's documented heart attacks and PTSD are not merely damages---they are proof that the Ninth Circuit's rule transforms detention into torture and pleas into surrender.

### C. The Jurisdictional Foundation Adds Urgency

Petitioner's detention was based on family court orders that were void ab initio due to jurisdictional defects. This means the detention lacked even colorable legal justification---yet under the Ninth Circuit's rule, such obviously unconstitutional detention becomes immune from review if it successfully coerces a plea.

## VI. THE QUESTIONS PRESENTED ARE OF EXCEPTIONAL PUBLIC IMPORTANCE

### A. The Decision Affects the Fundamental Architecture of Criminal Justice

The interaction between pretrial detention, plea bargaining, and civil rights enforcement affects every criminal case in America. If unconstitutional detention can be immunized

through the pleas it coerces, the Fourth Amendment becomes meaningless for the 95% of criminal cases resolved through plea agreements.

**B. The Decision Implicates Constitutional Rights of Disabled Citizens**

Under the ADA and this Court's decision in *Tennessee v. Lane*, disabled citizens are entitled to meaningful access to constitutional protections. The Ninth Circuit's rule effectively eliminates such access for disabled defendants, who are most vulnerable to detention-based coercion.

**C. The Decision Threatens the Integrity of Federal Civil Rights Enforcement**

Section 1983 serves as a crucial deterrent to state constitutional violations. If state actors can immunize their misconduct by coercing pleas from their victims, § 1983 becomes a dead letter for entire categories of violations.

# CONCLUSION

The Ninth Circuit's decision sanctions an unconscionable abuse of power. It tells state actors that they can use fabricated evidence to detain a disabled man until his body breaks, extract a plea through that suffering, and pay no price for the constitutional wreckage they leave behind.

This case is not just about correcting a legal error; it is about affirming that the Constitution forbids the use of pretrial detention as an instrument of torture and that a plea extracted by such means is not a shield for official misconduct, but further evidence of it.

Petitioner's case is not just a companion to *Olivier*; it is the inevitable and dangerous conclusion of the legal error presented in *Olivier*. It shows how an illegal pretrial detention, if shielded from liability by a subsequent plea, becomes the perfect coercive instrument. This Court must not only address the legal question in *Olivier*, but it must do so by looking at the stark facts of this case, which show the devastating real-world impact of this flawed legal doctrine.

## PRAYER FOR RELIEF

Petitioner respectfully requests that this Court:

1. Grant the petition for writ of certiorari;
2. Reverse the judgment of the United States Court of Appeals for the Ninth Circuit; and
3. Remand for further proceedings consistent with this Court's opinion.

Alternatively, Petitioner requests that this Court hold this petition pending its decision in *Olivier v. City of Brandon*, No. 24-993, and then dispose of this petition as appropriate in light of that decision, including through grant, vacate, and remand.

Respectfully submitted,

**ROBERT ANTHONY EMERT** *Petitioner*

09/30/25

## CERTIFICATE OF COMPLIANCE

This petition complies with the word limit of Supreme Court Rule 33.1(g). The petition contains 5268 words, excluding the parts exempted by Supreme Court Rule 33.1(d) (cover page, questions presented, table of contents, table of authorities, certificates, and appendix).

**ROBERT ANTHONY EMERT** *Petitioner*

09/30/25

## CERTIFICATE OF SERVICE

I hereby certify that on  09/30/25  , I served a copy of the foregoing Petition for Writ of Certiorari upon counsel of record via email.

Austin M. Uhler, Senior Deputy County Counsel Katie A. Richardson, Deputy County Counsel Office of County Counsel, County of San Diego 1600 Pacific Highway, Room 355 San Diego, California 92101 Email: austin.uhler@sdcounty.ca.gov

**ROBERT ANTHONY EMERT** *Pro Se Petitioner*

Dated: 09/30/25

# APPENDIX

**Appendix A:** Court of Appeals Opinion

**Appendix B:** District Court Opinion

**Appendix C:** Relevant Constitutional and Statutory Provisions

**Appendix D:** Selected Excerpts from Record

**Appendix E:** Medical Documentation of Constitutional Harm

**Appendix F:** Recorded Admissions of State Actors