No. 25-3694

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Robert Emert, *Plaintiff-*

*Appellant* ,

v.

*SAN DIEGO COUNTY BOARD OF SUPERVISORS; SAN DIEGO COUNTY; FRANCESCA BALERIO, individually; LUIS PENA, individually, Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
Case No. 3:24-cv-00671-JO-MSB
The Honorable Jinsook Ohta, United States District Judge

**SUPPLEMENTAL CITATION OF PERTINENT AUTHORITY PURSUANT TO FRAP 28(j) WITH ADA ACCOMMODATION FOR EXTENDED LENGTH -** *Re: Miroth v. County of Trinity, 136 F.4th 1141 (9th Cir. 2025)*

Robert Emert, Pro Se
2351 Vista Lago Terrace
Escondido, CA 92029
760-612-9328
robemert@msn.com

**ADA Accommodation Notice:** As a federally-adjudicated disabled pro se litigant, Appellant respectfully requests this Court's reasonable accommodation under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Tennessee v. Lane, 541 U.S. 509 (2004), permitting the extended length necessary to comprehensively address the 52-page controlling Miroth opinion that Appellees have materially misconstrued.

**Word Count Statement:** This supplemental brief contains 945 words (excluding caption, signature, and certificate). While FRAP 28(j) briefs typically target 350 words, this length is necessary given: (1) the 52-page controlling Miroth opinion (May 8, 2025) post-dating the district court's dismissal and directly resolving the Rooker-Feldman issue; (2) Appellees' reliance (Ans. Brief 17-19) on the dissenting rather than controlling opinion; (3) five distinct legal grounds requiring explanation; (4) specific factual parallels to Miroth demonstrating that the controlling opinion directly governs this case; (5) Gibson v. County of Washoe Monell analysis establishing municipal liability through documented deliberate indifference; and (6) explicit Heck and Thompson limitations refuting Appellees' mischaracterization of applicable preclusion doctrine.

As a federally-adjudicated disabled pro se litigant, Appellant respectfully requests this Court's accommodation of the extended length under Tennessee v. Lane, 541 U.S. 509, 522 (2004) (Title II of ADA applies to court proceedings as valid exercise of congressional power), and liberal construction under Erickson v. Pardus, 551 U.S. 89, 94 (2007) (pro se filings held to less stringent standards). The additional length ensures meaningful access to justice for a disabled litigant addressing controlling authority of exceptional substantive importance that Appellees have materially misconstrued. The brief remains concise within FRAP 28(j)'s flexible standard given the controlling nature of the new authority and Appellant's protected status under Title II.

Pursuant to Federal Rule of Appellate Procedure 28(j), supplemental to Appellant's Reply and Supplemental Briefs, Appellant cites Miroth v. County of Trinity, 136 F.4th 1141 (9th Cir. 2025) (May 8, 2025), controlling authority post-dating the district court's dismissal that mandates reversal.

Appellees' Rooker-Feldman argument (Ans. Brief 17-19) relies on the intrinsic/extrinsic fraud distinction that Miroth's majority expressly rejected, tracking Judge VanDyke's dissent rather than the controlling opinion. The majority holds Rooker-Feldman "applies only to suits alleging errors by the state courts in rendering judgment, as opposed to misconduct by litigants in obtaining such a judgment." Id. at 1145.

**First,** Appellant challenges prosecutorial fabrication and suppression—wrongful acts by adverse parties, not judicial error. Miroth permits such claims. See Benavidez v. County of San Diego, 993 F.3d 1134, 1143 (9th Cir. 2021) (Rooker-Feldman inapplicable to county officials' fraud in dependency proceedings). **The parallel to Miroth is striking.** There, county child welfare officials allegedly defrauded the state court about parental fitness and withheld exculpatory evidence to obtain termination of parental rights. 136 F.4th at 1147. The Ninth Circuit held such claims avoid Rooker-Feldman because they challenge "wrongful conduct by adverse parties in litigation, not by the state court itself." Id. at 1154. Here, as in Miroth, prosecutors allegedly fabricated evidence (threat allegations contradicted by their own recordings at 3-SER-259) and systematically suppressed exculpatory materials (FBI assessment at 5-SER-927–930; Bryce interview at 5-SER-751; McIntosh email at 3-SER-319; Peña admissions at 3-SER-259) to obtain detention and conviction—precisely the "misconduct by litigants in obtaining such a judgment" that Miroth permits federal courts to remedy. Id. at 1145.

**Second,** Miroth rejected the intrinsic/extrinsic fraud distinction: "we have never distinguished between so-called 'intrinsic' fraud and extrinsic fraud in the Rooker-Feldman context." Id. at 1155. "Alleging extrinsic fraud is one way of avoiding Rooker-Feldman, but it is not somehow a requirement." Id. at

1156. Miroth expressly rejected distinguishing intrinsic from extrinsic fraud, holding that "fraud allegations against an adverse party in litigation can avoid Rooker-Feldman even when they are not couched in extrinsic fraud terms." Id. at 1155. The dissent's position (id. at 1176-77 (VanDyke, J., dissenting)) was expressly rejected.

**Third,** systematic suppression of exculpatory evidence—FBI assessment (5-SER-927–930), Bryce interview (5-SER-751), McIntosh email (3-SER-319), Peña admissions (3-SER-259), detailed in Reply Brief at 20, 40-41, 55-56 and Sept. 20 Brief at 10-13—prevented Appellant from defending at bail hearings, constituting extrinsic fraud under Miroth's "conduct which prevents a party from presenting his claim" standard. 136 F.4th at 1152. Such fabrication and suppression violates due process. Devereaux v. Abbey, 263 F.3d 1070, 1075 (9th Cir. 2001). The Board of Supervisors' 22-month deliberate indifference to formal Monell notifications (January 2022–August 2023, including explicit "MONELL CLAIM (436 U.S. 658)" citation, certified mail delivery of recorded prosecutorial admissions, and formal Penal Code 1424 petitions) establishes municipal liability under Gibson v. County of Washoe, 290 F.3d 1175, 1186 (9th Cir. 2002) ("municipal liability exists where the need for more or different action is so obvious that the policymakers can reasonably be said to have been deliberately indifferent").

**Fourth,** Miroth distinguished claims for relief "from" judgments (barred) from damages "for" wrongful acts "preceding" the judgment (allowed). Id. at 1145. Appellant seeks damages for pretrial detention (Jan.-Apr. 2023) that preceded the plea—an independent Fourth Amendment violation with no Heck bar for antecedent claims unlitigated in the plea, as established by Haring v. Prosise, 462 U.S. 306, 316, 320-21 (1983) ("guilty plea does not render irrelevant Fourth Amendment claims for §1983 damages" and "does not rest on any notion of waiver" when the constitutional violation was not actually litigated), and no favorable-termination requirement for pretrial detention claims, as limited by Thompson v. Clark, 596 U.S. 36, 42-43 & n.3 (2022) (favorable termination "applies to § 1983 claims for malicious prosecution," not

detention based on fabricated evidence). Manuel v. City of Joliet, 580 U.S. 357 (2017); Chiaverini v. City of Napoleon, 602 U.S. 556 (2024). The fabrication and suppression were never litigated at any evidentiary hearing, and Appellant's plea—extracted through 90 days of detention based on that fabrication—cannot bar claims for the very constitutional violations that coerced it.

**Fifth,** Commissioner Ratekin's improper CCP § 170.6 denial (2-SER-18) rendered subsequent orders void ab initio (People v. Superior Court (Lavi), 4 Cal.4th 1164, 1171 (1993)), placing them outside Rooker-Feldman. Wolfe v. Strankman, 392 F.3d 358 (9th Cir. 2004).

Miroth provides independent grounds for reversal. Reversal and remand required under 28 U.S.C. § 2106.

Appellees' entire defense strategy collapses without Rooker-Feldman. Their primary argument misconstrues Appellant's pretrial detention claims as "malicious prosecution" to invoke favorable-termination requirements (Ans. Brief 12-16), but they rely on Rooker-Feldman as their principal fallback. Miroth forecloses that escape route by establishing that challenges to adverse party misconduct—fabrication and suppression by prosecutors—avoid Rooker-Feldman entirely. With Miroth controlling, Appellees must defend their systematic constitutional violations on the merits rather than behind procedural barriers.

While Olivier v. City of Brandon, No. 24-993 (U.S., pending), addresses related issues limiting preclusion of pretrial constitutional claims, Miroth resolves the Rooker-Feldman question definitively without awaiting Supreme Court guidance.

/s/ Robert Anthony Emert

**CERTIFICATE OF SERVICE**

I certify that on 10/19/25, I electronically filed the foregoing via CM/ECF, serving all registered parties.

/s/ Robert Anthony Emert